**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4819**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PAUL S. ROBERTS,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Chief District Judge.  (CR-03-226)

─────────────

Submitted:  October 7, 2005          Decided:  January 5, 2006

─────────────

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Gregory J. Campbell, CAMPBELL LAW OFFICES, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Paul S. Roberts appeals his seventy-month sentence imposed after he pled guilty to distribution of fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). Citing United States v. Booker, 125 S. Ct. 738 (2005), Roberts contends that the district court erred in sentencing him under a mandatory Sentencing Guidelines scheme. Roberts does not challenge his conviction on appeal. We affirm Roberts' conviction, vacate the sentence, and remand for further proceedings.[1]

Roberts asserts that he should be resentenced in light of Booker because the district court sentenced him under a mandatory Sentencing Guidelines scheme. In United States v. White, 405 F.3d 208 (4th Cir. 2005), we held that treating the Guidelines as mandatory constitutes error under Booker. See id. at 216-17. Because Roberts preserved this error for our review, we must reverse unless the government demonstrates that the error is harmless. See Fed. R. Crim. P. 52(a) ("[A]ny error . . . that does not affect substantial rights must be disregarded."); White, 405 F.3d at 223 (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Rule 52(a) and plain error standard in Fed. R. Crim. P. 52(b)). Our

---

[1]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Roberts' sentencing.

review of the record as a whole leads us to conclude that the Government, as it concedes, has not met its burden of demonstrating that the error in sentencing Roberts under a mandatory Sentencing Guidelines scheme does not affect his substantial rights. See White, 405 F.3d at 223. Thus, the error is not harmless.

Accordingly, we vacate Roberts' sentence and remand for further proceedings.[2] We also affirm Roberts' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[2]Although the Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.